(73 South. 252)

No. 22268.

STATE v. COLEMAN.

(Dec. 11, 1916.)

*(Syllabus by Editorial Staff.)*

1. HOMICIDE ⊂⊃166(3)—EVIDENCE—MOTIVE—REBUTTAL.

In a trial for murder, wherein defendant called his wife, who testified that she informed him as he was about to leave the house on the day of the homicide of what had taken place the night before between their daughter and the deceased, a question by the state as to whether she told another in the afternoon of that day that there had never been any trouble between deceased and her family was in rebuttal, and properly allowed.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. § 323; Dec. Dig. ⊂⊃166(3).]

2. CRIMINAL LAW ⊂⊃730(8)—APPEAL—HARMLESS ERROR—ARGUMENT.

In a trial for murder, where the prosecution sought to introduce accused's statement before the coroner's jury, which was excluded because not a voluntary statement, and, after accused testified in his own behalf, sought to impeach him by showing that he had made a different statement before the coroner's jury to which the same objection was made, the district attorney's remarks, in the presence of the jury and while having before him the proceedings at the coroner's inquest, that accused's statement there was "entirely different" from that made by him at the trial, notwithstanding the court's instruction to disregard such remarks, was reversible error.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. ⊂⊃730(8).]

3. WITNESSES ⊂⊃393(3) — IMPEACHMENT — STATEMENTS OF ACCUSED—VOLUNTARY CHARACTER.

If the accused's statement before the coroner was made under duress, accused was entitled to have it entirely excluded from the jury.

[Ed. Note.—For other cases, see Witnesses, Cent. Dig. § 1254; Dec. Dig. ⊂⊃393(3).]

Appeal from Third Judicial District Court, Parish of Bienville; J. E. Reynolds, Judge.

T. J. Coleman was convicted of manslaughter on a charge of murder, and he appeals. Judgment set aside, and case remanded.

Goff & Barnette, of Arcadia, and William C. Barnette, of Shreveport, for appellant. A. V. Coco, Atty. Gen., and T. T. Land, Dist. Atty., of Homer (Vernon A. Coco, of Marksville, of counsel), for the State.

PROVOSTY, J. The accused has appealed from a conviction of manslaughter on a charge of murder.

[1] The first bill of exceptions reads:

"Be it remembered that on the trial of this cause on the 24th day of October, 1916, the defendant having called Mrs. Lillie Coleman as a witness and asked her only one question, to wit:

" 'Did you, or did you not, inform your husband as he was about to leave the house on the morning of the tragedy of what had taken place the night before, between your daughter and Alonzo Baker?' to which question she answered, 'Yes.'

"The defendant asked her no further questions of any nature.

"The state then, through counsel, propounded the following question to her, to wit:

" 'Didn't you tell Mr. Sam Hennigan, in the afternoon of the day of the killing, that there had never been any trouble between the deceased and your family, and that you all treated him as a member of the family?'

"Which question was objected to by the defendant for the reason that it was not a cross-examination of the witness upon any matter inquired about by the defense, that the sole question as to her testimony was whether or not she had made the statement to her husband, not whether it was true or not, but whether or not she had told him. That if it was for the purpose of impeachment, it was upon a matter not material to the issue raised, that the question testified to was not whether what she told her husband was true or not, but whether or not she informed her husband at the time inquired about which objection was overruled by the court for the following reasons:

"By the Court: The purpose of the question to Mrs. Lillie Coleman being to show that improper relations existed between Alonzo Baker and the accused daughter. The question asked and objected to was in the opinion of the court already in rebuttal. To which ruling of the court the defendant excepts and reserves this bill of exception, whereupon the defense closed its case immediately, and the state called the witness Sam Hennigan in rebuttal, and he having been sworn, through the district attorney, asked him the same question propounded to the witness Mrs. Lillie Coleman as hereinabove set forth, which question was objected to by the defendant for the same reasons above stated, and

for the further reason that it was not in rebuttal of anything brought out or inquired about by defendant, which objections were overruled by the court, and the witness was permitted to answer the question for the following reasons:

"By the Court: The question asked as explained heretofore in bill as to question asked to Mrs. Lillie Coleman was clearly in rebuttal."

We think these rulings were correct. At the time Mrs. Coleman says she made this statement to her husband, she had no motive for fabricating a story reflecting upon the honor of her daughter and poisoning the mind of her husband with it; on the contrary, the feelings of a mother and a wife would have strongly resisted her doing such a thing. Therefore, in the absence of this rebutting evidence, the jury would naturally have concluded that she told this to her husband because it was true. The evidence was therefore proper in rebuttal.

[2] The next bill of exception has more merit. For the purpose of showing an admission of guilt the prosecution sought to introduce in evidence the statement made by the accused before the coroner's jury. The evidence was ruled out on the ground that the statement had not been free and voluntary. The accused having appeared as a witness in his own favor, the prosecution sought to introduce the same statement for the purpose of impeaching him by showing that he had made a different statement before the coroner's jury; and objection having been made on the same ground, that the statement had not been free and voluntary and therefore was not evidence, the district attorney, addressing the court but in the presence and hearing of the jury, and having before him the proceedings of the coroner's inquest containing the statement there made by the accused, said that it was "entirely different" from that made by the accused in his testimony on the trial.

[3] The learned trial judge there and then instructed the jury to disregard the statement thus made by the district attorney, but if the jury had any faith in the veracity of the district attorney, and they doubtless did, the effect was to inform them that the accused had told before the coroner's jury a different story from that which he told on the trial, and this could not but detract materially from their confidence in the accused as a witness. If the said statement before the coroner was made under duress, the accused was entitled to have it excluded entirely from the knowledge of the jury.

Judgment set aside, and case remanded to be proceeded with according to law.

LAND, J., takes no part.

O'NIELL, J., concurs in the decree on the ground that the first bill of exception was good.